IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN WILLIAMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-03-939-R |
| | ) | |
| R. GALINDO, *et al.*, | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.  At all times pertinent to the claims alleged in this action, Plaintiff was in the custody of the Wisconsin Department of Corrections and incarcerated at North Fork Correctional Facility, a private prison located in Sayre, Oklahoma.  His claims arise out of alleged unconstitutional conditions of confinement at North Fork during May 2003.[1]

This matter has been recommitted for further proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).  Currently pending before the Court is Defendants' Motion for Summary Judgment [Doc. #64].  Defendants move for summary judgment on the ground that Plaintiff has failed to comply with the total exhaustion requirement of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  In the alternative, Defendants move for summary judgment on the merits of Plaintiff's claims. Plaintiff has filed a response to the Motion [Doc. #68], and the matter is now at issue. For the reasons stated below, it is recommended that Defendants' Motion be granted on the ground that Plaintiff has included

---

[1] Plaintiff has recently filed a Notice of Change of Address [Doc. #70] indicating that he is no longer incarcerated.  However, at the time of the filing of both the Complaint [Doc. #2] and the Amended Complaint [Doc. #41], Plaintiff was incarcerated.

unexhausted claims in his Amended Complaint requiring dismissal of this action in its entirety.

**Relevant Case Background**

Plaintiff filed his Complaint in this action on July 11, 2003, raising the following claims: (1) Defendants violated Plaintiff's constitutional right to privacy when Defendant Smith viewed Plaintiff and other prisoners showering; (2) Defendants violated Plaintiff's due process rights by accusing him of misconduct and placing him in segregation; (3) Defendants conspired with one another to violate Plaintiff's constitutional rights by falsely accusing Plaintiff of misconduct and keeping him in segregation; (4) Plaintiff's disciplinary conviction for a sexual conduct offense violated his due process rights; and (5) the strip search of Plaintiff conducted on May 14, 2003, violated Plaintiff's Fourth Amendment right to privacy and his Eighth Amendment right to be free from cruel and unusual punishment.

Defendants previously sought dismissal of Plaintiff's first three claims on the ground that he had failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).[2] Defendants conceded that Plaintiff had exhausted administrative remedies as to his remaining

---

[2]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

two claims, but sought dismissal of those claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

In a Report and Recommendation filed April 26, 2004 [Doc. #28], it was recommended that Plaintiff's first three claims for relief be dismissed for failure to exhaust administrative remedies. It was further recommended that Defendants' Motion to Dismiss be denied as to the remaining two claims. In an Order dated May 20, 2004 [Doc. #31], the District Judge adopted the Report and Recommendation and recommitted the matter to the Magistrate Judge.

In the interim between the filing of the Report and Recommendation and the Court's Order adopting the Report and Recommendation, the Tenth Circuit Court of Appeals determined that the Prisoner Litigation Reform Act contains a total exhaustion requirement for actions, like this one, subject to § 1997e(a)'s exhaustion requirement. *See Ross v. County of Bernalillo,* 365 F.3d 1181 (10th Cir. 2004). Pursuant to the mandates of *Ross*, the Court ordered Plaintiff to show cause why his Complaint should not be dismissed in its entirety because the Complaint contained both exhausted and unexhausted claims. *See* Order to Show Cause [Doc. #32]. In the alternative, Plaintiff was given the opportunity to move for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a) in order to omit any claims that had not been exhausted. *See id*.

In response to the show cause Order, Plaintiff filed an Amended Complaint [Doc. #41] on July 29, 2004. In the Amended Complaint, Plaintiff states that he "has excluded issues that rendered his complaint a mixed petition, and now resubmit[s] claims this court

concluded were exhausted, and properly before the court." *See* Amended Complaint at 2. However, a review of the Amended Complaint shows that Plaintiff once again seeks redress for claims both exhausted and unexhausted. Therefore, pursuant to *Ross*, this action should be dismissed.

## Analysis

In the Amended Complaint, Plaintiff seeks relief based on the following claims: (1) Defendants violated his due process rights by accusing him of sexual misconduct and placing him in pre-hearing segregation for more than sixteen days without a misconduct report, *see* Amended Complaint, Nature of the Case, ¶¶2, 5, 7, 9-12;[3] (2) Plaintiff's disciplinary conviction for the sexual misconduct offense violated his due process rights, *see id.*, ¶¶ 5, 6, 13; and (3) the strip search of Plaintiff conducted on May 14, 2003, violated Plaintiff's Fourth Amendment right to privacy and his Eighth Amendment right to be free from cruel and unusual punishment, *see id.*, ¶¶ 14-19.

In *Ross*, the Tenth Circuit made clear that § 1997e(a) requires an action to be dismissed if a prisoner submits a complaint containing one or more unexhausted claims. *Ross*, 365 F.3d 1190. Defendants seek summary judgment pursuant to *Ross* contending that Plaintiff's Amended Complaint again contains unexhausted claims. Defendants are correct. Plaintiff has not exhausted administrative remedies as to his claim that Defendants violated

---

[3]The record reflects that Plaintiff's placement in pre-hearing segregation, based on the accusation of sexual misconduct, occurred on May 1, 2003. *See* Defendants' Motion, Exhibit B, Disciplinary Report.

his due process rights in accusing him of misconduct and placing him in pre-hearing segregation.[4] The only grievance submitted by Plaintiff relates to the strip search on May 14, 2003, for which he seeks an apology and preservation of the videotape of the search:

> On May 14, 03 I was assign [sic] to seg unit cell 34. Inmate Clyde Scott 333086 was my roommate. At about 2:30 my roommate flooded the cell. Officers of the unit came to the cell and seent [sic] I had nothing to do with flooding. At 10:00 PM Chief Galindo along with about six member of S.O.R.T. team came to my cell ordering me and Inmate Scott to cuff up. Upon doing so, it was said to Chief Galindo that Inmate Williams had nothing to do with the flooding but upon coming out of the cell I was put on the ground striped [sic] out of my underwear exposuing [sic] my private parts and degrading me in front of a lady officer T. Smith that was on S.O.R.T. Team.

*See* Plaintiff's Grievance, Exhibit E to Defendants' Motion. Plaintiff's claim relating to being placed in pre-hearing segregation is not addressed in Plaintiff's sole administrative grievance.

In response to Defendants' Motion, Plaintiff does not seek leave to further amend his complaint but instead states that he "has exhausted his remedies regarding to the strip search and his violation of due process rights in regard to his being locked up prior to his hearing." *See* Plaintiff's Brief at 1 [Doc. # 68]. Plaintiff, however, has submitted no evidence to support his assertion that he exhausted the pre-hearing detention claim. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003) ("[A] prisoner must provide a

---

[4]This unexhausted claim relates to the same subject matter as one of the claims in the original Complaint. In the prior Report and Recommendation and related Order, a finding was made that Plaintiff had not exhausted his administrative remedies as to this claim. *See* Report and Recommendation [Doc. #28] at 4-5; Order adopting the Report and Recommendation [Doc. # 31] at 2, 3.

comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity."), *cert. denied*, 125 S.Ct. 344 (2004). Nor has Plaintiff alleged facts that would demonstrate that administrative remedies were not available to him. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (recognizing that circumstances may exist that render an administrative remedy unavailable). Thus, the record fails to demonstrate exhaustion of administrative remedies as to this claim.

By again asserting an unexhausted claim in the Amended Complaint, Plaintiff has violated the total exhaustion requirement of *Ross* despite the Court's explicit advisement as to the Tenth Circuit's requirements. Plaintiff's action, therefore, should be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies as to all claims asserted. Based on this recommendation, Defendants' alternative grounds for summary judgment on the merits of the claims raised in the Amended Complaint are not addressed.

## RECOMMENDATION

It is recommended that Defendants' Motion for Summary Judgment [Doc. #64] be granted on the ground that Plaintiff has failed to satisfy the total exhaustion requirement of 42 U.S.C. § 1997e(a). Plaintiff's action should be dismissed without prejudice to refiling.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Supplemental Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by April __20th__, 2005. *See* LCvR72.1. The parties are further advised

that failure to make timely objection to this Supplemental Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Supplemental Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this   31st   day of March, 2005.

*[signature]*

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE